**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **CHRISTIAN BAUD, Individually,** § <br> **and as Heir to and Representative of the** § <br> **Estate of BRIGITTE BERNEDE a/k/a** § <br> **BRIGETTE BAUD, DECEASED;** § <br> **MALLORY BAUD; and YVONNE BERNEDE,** § <br> § <br> **Plaintiffs,** § <br> vs. § <br> § <br> **MASOUD SAMAN, M.D.; SAMAN FACIAL** § <br> **PLASTIC SURGERY, PLLC;** § <br> **COLUMBIA MEDICAL CENTER OF** § <br> **PLANO SUBSIDIARY, L.P., formerly d/b/a** § <br> **MEDICAL CENTER OF PLANO and** § <br> **currently d/b/a MEDICAL CITY PLANO;** § <br> **and COLUMBIA NORTH TEXAS** § <br> **SUBSIDIARY GP, LLC** § <br> § <br> **Defendants.** § | **CIVIL ACTION NO: 4:18-cv-123** <br><br> **(JURY)** |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE PRESIDING:

COME NOW, CHRISTIAN BAUD, Individually and as Heir to and Representative of the Estate of BRIGITTE BERNEDE a/k/a BRIGETTE BAUD, DECEASED; MALLORY BAUD and YVONNE BERNEDE, hereinafter called "Plaintiffs," and file this their Original Complaint complaining of Defendants MASOUD SAMAN, M.D., SAMAN FACIAL PLASTIC SURGERY, PLLC, COLUMBIA MEDICAL CENTR OF PLANO SUBSIDIARY, L.P. formerly d/b/a MEDICAL CENTER OF PLANO and currently d/b/a MEDICAL CITY PLANO, and COLUMBIA NORTH TEXAS SUBSIDIARY GP, LLC and for cause of action respectfully show:

# I.

# PARTIES

1.01   At the time of the incident made the basis of this suit and at the time of her death, Decedent BRIGITTE BERNEDE a/k/a BRIGETTE BAUD (hereinafter "MRS. BAUD") was a citizen of France with temporary authority to work in the United States due to an E2 VISA, and her Estate is a citizen of France.

1.02   Plaintiff CHRISTIAN BAUD, Individually, is a citizen of France with temporary authority to work in the United States due to an E2 VISA, and he is the surviving spouse of MRS. BAUD, Deceased.

1.03   Plaintiff MALLORY BAUD is a citizen of France with temporary authority to be a student in the United States due to an F1 VISA, and she is the natural child of MRS. BAUD, Deceased.

1.04   Plaintiff YVONNE BERNEDE resides in the Country of France, and she is the natural mother of MRS. BAUD, Deceased.

1.05   Defendant MASOUD SAMAN, M.D. (hereinafter "DR. SAMAN") is and at all times relevant was a Texas resident and practicing physician in Collin County, Texas and may be served with process at 5301 Old Shepard Place, Plano, Texas 75093 or wherever he may be found.

1.06   Defendant SAMAN FACIAL PLASTIC SURGERY, PLLC (hereinafter referred to as "SAMAN, PLLC") is a resident of Texas with its principal place of business at 6508 Brantford Ct., Plano, TX 75093 and may be served with process by serving its registered agent: Masoud Saman, 6508 Brantford Ct., Plano, Texas 75093.

1.07   Defendant COLUMBIA MEDICAL CENTER OF PLANO SUBSIDIARY, L.P. formerly d/b/a MEDICAL CENTER OF PLANO and currently d/b/a MEDICAL CITY PLANO

(hereinafter "COLUMBIA LP") is a domestic limited partnership. Defendant COLUMBIA LP's general partner, COLUMBIA NORTH TEXAS SUBSIDIARY GP, LLC, is a resident of Tennessee with its principal place of business at One Park Plaza, Nashville, TN 37203. Defendant MEDICAL CITY PLANO may be served with process by serving its registered agent: C.T. Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

1.08  Defendant COLUMBIA NORTH TEXAS SUBSIDIARY GP, LLC (hereinafter "COLUMBIA GP" is a domestic limited liability company doing business in the State of Texas. Defendant COLUMBIA NORTH TEXAS SUBSIDIARY GP, LLC, is a resident of Tennessee with its principal place of business at One Park Plaza, Nashville, TN 37203. Defendant COLUMBIA NORTH TEXAS SUBSIDIARY GP, LLC may be served with process by serving its registered agent: C.T. Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136 or wherever it may be found.

## II.

## JURISDICTION, VENUE AND NOTICE

2.01  This Court has jurisdiction over this case pursuant to 28 U.S.C. §1332(a)(2), in that it involves a controversy between Plaintiffs, who are citizens of France, and Defendants, who are citizens of Texas, and the amount in controversy exceeds $75,000.00.

2.02  The Court has personal jurisdiction over Defendant DR. SAMAD because he is a Texas resident. The Court has personal jurisdiction over Defendant SAMAN, PLLC because: (1) it has its principal place of business in Collin County, Texas; (2) it purposefully availed itself of the privileges and benefits of conducting business in Texas; and (3) by committing a tort, which is the subject of this suit, in whole or in part in Texas. The court has personal jurisdiction over Defendant COLUMBIA LP because: (1) it purposefully availed itself of the privileges and benefits of

conducting business in Texas; and (2) by committing a tort, which is the subject of this suit, in whole or in part in Texas.  The court has personal jurisdiction over Defendant COLUMBIA GP because: (1) it purposefully availed itself of the privileges and benefits of conducting business in Texas; and (2) by committing a tort, which is the subject of this suit, in whole or in part in Texas.

2.03   Venue is proper in the Eastern District of Texas, Sherman Division, under Title 28 U.S.C § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Texas.

2.04   Pursuant to TEX. CIV. PRAC. & REM. CODE §§ 74.051 and 74.052, written notice of the assertion of a health care liability claim with an Authorization for Release of Protected Health Information was sent certified mail, return receipt requested, to Defendants. All conditions precedent to the bringing of this action have been met including compliance with TEX. CIV. PRAC. & REM. CODE §§ 74.051 and 74.052.

2.05   This action is maintained as a wrongful death and survival action for all beneficiaries entitled to recover for the death of MRS. BAUD, Deceased under the provisions of TEX. CIV. PRAC. & REM. CODE, §71.002 and §71.021.  Plaintiffs are the necessary and only proper parties to maintain this survival action, and they are the surviving legal heirs and beneficiaries of the Decedent.  No estate administration is pending and none is necessary since the Decedent's debts have been paid and Decedent's estate was already partitioned by the Declaration de Succession that was filed in France.

### III.

### FACTUAL SUMMARY

3.01   At all times relevant, Defendant DR. SAMAN was a physician licensed by the State of Texas to provide medical care who represented to Decedent MRS. BAUD, Plaintiffs and to the public at large that he was a competent physician and as such was engaged in the practice of his

profession both individually and as an agent, servant and/or employee, actual and/or ostensible, of Defendant SAMAN, PLLC, Defendant COLUMBIA LP and/or Defendant COLUMBIA GP on the occasion in question.

3.02  At all times relevant, Defendant SAMAN, PLLC provided health care and treatment to Decedent MRS. BAUD by and through its employees, servants, actual and ostensible agents, physicians (including DR. SAMAN), and other health care providers acting within the scope of their employment and/or agency.

3.03  At all times relevant, Defendants COLUMBIA LP and COLUMBIA GP were the owners and/or operators of MEDICAL CENTER OF PLANO.  This hospital was licensed by the state of Texas to provide medical care which represented to Decedent MRS. BAUD, Plaintiffs and to the public at large that it was a competent medical facility and that the physicians, nurses and healthcare providers associated therewith were duly licensed, competent physicians, nurses and healthcare providers.

3.04  In February of 2016, MRS. BAUD was a 55-year old married lady with one natural child and one surviving parent.

3.05  MRS. BAUD was referred to Defendant MASOUD SAMAN, M.D. on February 24, 2016 for evaluation of a skull base mass that had been detected on an MRI.

3.06  DR. SAMAN informed MRS. BAUD and her husband that she probably had a clival chordoma.  He noted that it was located in a difficult location and scheduled her to have an endoscopic biopsy the following day at the MEDICAL CENTER OF PLANO.

3.07  On February 25, 2016, DR. SAMAN admitted MRS. BAUD to MEDICAL CENTER OF PLANO for out-patient surgery.  Neither DR. SAMAN nor MEDICAL CENTER OF PLANO ever informed Decedent or Plaintiffs that biopsies for suspected tumors of the clivus are typically

addressed in a multidisciplinary academic institution by a team of highly specialized and experienced skull base surgeons including a neurosurgeon, an otolaryngologist and a neuroradiologist. Neither DR. SAMAN nor MEDICAL CENTER OF PLANO ever informed Decedent or Plaintiffs that biopsies for clival tumors are almost always completed with joint specialty services because acute neurosurgical or neuroradiology interventions may be required during these procedures. DR. SAMAN did not provide MRS. BAUD and her husband with reasonable alternatives to surgery including additional diagnostic imaging or referral to an academic institution for surgical excision without the need for biopsy.

3.08   DR. SAMAN and MEDICAL CENTER OF PLANO proceeded with MRS. BAUD's elective surgery even though they were not at a multidisciplinary academic institution with a team of specially trained and experienced neurosurgeons, otolaryngologists and neuroradiologists in the field of skull base surgery. DR. SAMAN and MEDICAL CENTER OF PLANO proceeded with MRS. BAUD's surgery even though they did not have the personnel and equipment available to safely perform her surgery including a skull base co-neurosurgeon and an interventional neuroradiologist. DR. SAMAN and MEDICAL CENTER OF PLANO proceeded with MRS. BAUD's surgery even though there was no pre-operative history and physical examination in the medical records.

3.09   On February 25, 2016, DR. SAMAN started MRS. BAUD's endoscopic surgery without any other co-surgeons or assistant surgeons. According to DR. SAMAN's operative report, after the posterior wall of the sphenoid sinus was reached, a Sonopet was used to enter the posterior wall of the sphenoid sinus in the midline, and at that point the patient had massive intraoperative hemorrhage into the cavernous sinus. DR. SAMAN aborted the surgery and packed the sinus cavity.

3.10   Subsequently, MRS. BAUD developed a right MCA infarct secondary to the packing that was used by DR. SAMAN to stop the intraoperative bleeding. MRS. BAUD died on March 4,

2016 from massive nasal hemorrhage with acute hemorrhagic shock and right MCA infarct that was caused by her surgery on February 25, 2016.

## IV.

## COMMON LAW CAUSES OF ACTION

4.01     Plaintiffs incorporate by reference all of the facts contained in paragraph 1.01 through paragraph 3.10.

4.02     By reason of the facts set forth above, Defendant DR. SAMAN was negligent in failing to properly carry out his medical responsibilities to Decedent MRS. BAUD, in accordance with accepted standards of medical practice, thereby proximately causing injuries and the death of MRS. BAUD and damages to Plaintiffs.

4.03     By reason of the facts set forth above, Defendant SAMAN, PLLC directly, and by and through DR. SAMAN, its agents, servants and/or employees, both actual and ostensible, who were acting within the course and scope of their employment at Defendant SAMAN, PLLC was negligent in failing to properly carry out its medical responsibilities to Decedent MRS. BAUD in accordance with accepted standards of medical practice, thereby proximately causing injuries and damages to Plaintiffs.

4.04     By reason of the facts set forth above, Defendant COLUMBIA LP directly, and by and through DR. SAMAN, its nurses, agents, servants and/or employees, both actual and ostensible, who were acting within the course and scope of their employment at Defendant COLUMBIA LP was negligent in failing to properly carry out its medical and/or nursing responsibilities to Decedent MRS. BAUD in accordance with accepted standards of medical and/or nursing practice, thereby proximately causing injuries and damages to Plaintiffs.

4.05    By reason of the facts set forth above, Defendant COLUMBIA GP directly, and by and through DR. SAMAN, its nurses, agents, servants and/or employees, both actual and ostensible, who were acting within the course and scope of their employment at Defendant COLUMBIA GP was negligent in failing to properly carry out its medical and/or nursing responsibilities to Decedent MRS. BAUD in accordance with accepted standards of medical and/or nursing practice, thereby proximately causing injuries and damages to Plaintiffs.

4.06    At all times material hereto there existed an agency by estoppel relationship between Defendant DR. SAMAN, Defendant SAMAN, PLLC, Defendant COLUMBIA LP and/or Defendant COLUMBIA GP and as a result of which Defendants are estopped to deny said agency relationship. Plaintiffs were entitled to rely upon and did rely upon said agency relationship.

V.

DAMAGES

5.01    Plaintiffs incorporate by reference all of the facts and allegations in the preceding paragraphs.

5.02    Pursuant to Section 71.021 of Texas Civil Practice and Remedies Code, commonly known as the Survival Statute, Plaintiffs seek damages for pain, suffering and mental anguish sustained by, MRS. BAUD, Deceased from the time of the incident until her death. Plaintiffs seek damages for the medical expenses of MRS. BAUD, Deceased from the time of the incident until her death. Decedent's estate is entitled to and seeks damages for MRS. BAUD, Deceased's reasonable funeral and burial expenses.

5.03    As a result of the incident complained of in this suit, Plaintiff CHRISTIAN BAUD has suffered mental anguish as a result of his wife's death including the emotional pain, torment, and suffering he experienced because of the death of his wife, and he is likely to continue to suffer for a

long time in the future.  As a further result of the incident complained of in this suit, Plaintiff CHRISTIAN BAUD has suffered a loss of companionship and society as a result of his wife's death including the loss of her love, comfort, affection, protection, emotional support and services, and he is likely to continue to suffer for a long time in the future. Plaintiff CHRISTIAN BAUD seeks damages for the loss of the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value that he, in reasonable probability, would have received from his wife had she lived.

5.04    As a result of the incident complained of in this suit, Plaintiff MALLORY BAUD has suffered mental anguish as a result of her mother's death including the emotional pain, torment, and suffering she experienced because of the death of her mother, and she is likely to continue to suffer for a long time in the future.  As a further result of the incident complained of in this suit, Plaintiff MALLORY BAUD has suffered a loss of companionship and society as a result of her mother's death including the loss of her love, comfort, affection, protection, emotional support and services, and she is likely to continue to suffer for a long time in the future. Plaintiff MALLORY BAUD seeks damages for the loss of the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value that she, in reasonable probability, would have received from her mother had she lived.

5.05    As a result of the incident complained of in this suit, Plaintiff YVONNE BERNEDE has suffered mental anguish as a result of her daughter's death including the emotional pain, torment, and suffering she experienced because of the death of her daughter, and she is likely to continue to suffer for a long time in the future.  As a further result of the incident complained of in this suit, Plaintiff YVONNE BERNEDE has suffered a loss of companionship and society as a result of her daughter's death including the loss of her love, comfort, affection, protection, emotional support and

services, and she is likely to continue to suffer for a long time in the future. Plaintiff YVONNE BERNEDE seeks damages for the loss of the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value that she, in reasonable probability, would have received from her daughter had she lived.

5.06  Plaintiffs request and hereby claim prejudgment and postjudgment interest as provided by law.

5.07  Notice is hereby given that Plaintiffs intend to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## VI.

## REQUEST FOR JURY TRIAL

6.01  Plaintiffs request a jury trial.

WHEREFORE, Plaintiffs pray that Defendants be cited to appear and answer herein, that upon final hearing of this cause, Plaintiffs have judgment against the Defendants, jointly and severally, together with interest from the date of injury and costs of Court, and for such other and further relief, general and special, to which Plaintiffs may be entitled, either at law or in equity.

    Respectfully submitted,

    /s/ COLLEEN CARBOY
    COLLEEN CARBOY
    State Bar No. 10199650
    **CARBOY LAW FIRM**
    2540 King Arthur Blvd., Suite 215
    Lewisville, Texas 75056
    (972) 410-4200
    (972) 410-4201 FAX
    CCarboy@TexasNurseAttorney.com
    ATTORNEY FOR PLAINTIFFS